IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:14CR25-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHARLES CLIFFORD WILEY, JR., ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Charles Clifford Wiley Jr.'s "Notice Of Appeal, Motion To Revoke Detention Order," filed pursuant to 18 U.S.C. § 3145(b) on June 13, 2014 (Doc. 9), and the Government's Response in Opposition, filed June 19, 2014 (Doc. 10).

Defendant was indicted in federal court on May 21, 2014. (Doc. 1). Wiley is charged with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and one count of unlicensed dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D).

Defendant's original detention hearing was held on May 30, 2014, before United States Magistrate Judge David C. Keesler. At the conclusion of that hearing, Defendant was ordered detained consistent with the recommendations of the Government and U.S. Pretrial Services Officer. The Magistrate Judge noted:

> The Defendant is charged with 922(g), and the government's forecast of its evidence is very strong and includes admissions. The Defendant has an old, but very serious, conviction for what appears to be aggravated rape and kidnapping. The government alleges that Defendant recently assaulted his supervisor when fired from his job. Probation recommends detention.

(Doc. 5). The Magistrate Judge ultimately determined that there was "a serious risk that the [D]efendant will endanger the safety of another person or the community" and, therefore, that

"no conditions or combination of conditions will reasonably assure the safety of any other person and the community." *See* 18 U.S.C. § 3142(e).

On June 13, 2014, Defendant filed the instant Notice of Appeal and Motion to Revoke Detention Order. In his motion, Defendant asserts that he does not pose any risk to self or the community at large due to his age, deteriorating health, and remoteness of his prior criminal convictions. Defendant, who reportedly suffers from sleep apnea, further claims that he is not permitted to use his CPAP machine at the Gaston County Jail.[1]

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. § 3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) *(citing United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985))*. Indeed, the undersigned has reviewed the entire criminal record, including the Pretrial Services Report, and the audio recording of the detention hearing before the Magistrate Judge.

In determining whether there are conditions of release that will reasonably assure the safety of other persons and the community, the Court considers all evidence regarding:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including —
 (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that

---

[1] The Government inquired of the U.S. Marshal's Service about this particular complaint and has been advised that Defendant's representation is simply not true. (Government Response, 5−6).

would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors, the Court agrees that detention pending adjudication is appropriate. The nature and circumstances of the offenses charged weigh in favor of detention. While the charged offenses do not trigger application of the Section 3142(e)(3) rebuttable presumption,[2] the possession of firearms in this instance, and Defendant's ready access to the same, pose obvious safety concerns. In December 2013, Wiley was found in possession of various firearms and items of ammunition at his home.[3] To Wiley's credit, he was cooperative with law enforcement during the investigation. However, the extent and purpose of Wiley's use of the firearms remains unclear. As a result, the parties disagree as to Defendant's sentencing exposure under the United States Sentencing Guidelines, particularly the impact of Wiley's prior criminal record and adjustments for the number of firearms involved.

As noted by the Magistrate Judge, the strength of the Government's evidence, including admissions made by the Defendant, weighs in favor of detention. According to the Government, Wiley conceded to possessing multiple firearms as well as unlicensed dealing. The firearms transactions specifically charged occurred from August 2012 through June 2013, while Wiley was unemployed.[4]

---

[2] Under the Bail Reform Act, if the Grand Jury finds probable cause that Defendant committed certain offenses, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §§ 3142(e) and (f)(1).

[3] Defendant minimizes the underlying conduct by asserting that the § 922(g) offenses stem from Wiley's use of a .22 rifle inherited by his wife from her grandfather "to shoot an opossum causing a nuisance on their property." (Motion, 1). Defendant further states that the unlicensed dealing in firearms offense is based upon the allegation that "he sold or traded six firearms on Craigslist over the course of a year." Id.

[4] According to the Government, Wiley admitted his involvement in additional uncharged firearms transactions.

The history and characteristics of the Defendant, taken as a whole, also favor detention. Defendant Wiley is 59 years old and has been married to his current (third) wife, Teri Wiley, since 2005. Wiley and his wife have resided in the Western District of North Carolina for most of the last decade. Wiley worked for a utility tree service company for six years but has been unemployed for approximately one year and four months. Wiley was terminated from Carter Utility Tree Service in January 2013 and reportedly had an altercation with the person that fired him. Wiley has prior felony convictions in the State of Tennessee from 1989 for Aggravated Rape (2 offenses), Armed Robbery, and Aggravated Kidnapping (2 offenses) against an ex-spouse for which he was sentenced to twenty-two years imprisonment. Wiley served seventeen years for these offenses. Wiley has a more recent history of arrests for assaultive behavior (Simple Assault and Communicating Threats) and also admits to struggling with anger. Defense counsel represented during the Detention Hearing that Wiley successfully manages his anger with prescription medication (Celexa). Wiley advised U.S. Probation that he had no history of substance abuse but also reported that he completed AA / NA Treatment while incarcerated. Wiley also reported two prior heart attacks and chronic medical issues related to high blood pressure and high cholesterol. Flight or the risk of non-appearance is not an issue.

The Court deems the final factor to be determinative − that is, the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Here, there is a *serious risk* of bodily injury and / or loss of life should Wiley be released, become distraught, and access firearms. In the Court's view, the risks posed to the community upon Wiley's release are simply unnecessary. If defense counsel is able to demonstrate that to the Court that Wiley is ultimately facing a probationary sentence or some lesser period of incarceration under the Guidelines than that represented by the Government, Defendant Wiley

4

may renew his motion. At this time, and given the Defendant's criminal history, the undersigned declines to take the risk.

Finally, taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that Defendant's "Notice Of Appeal And Motion To Revoke Detention Order" is hereby **DENIED**. Defendant shall remain in custody pending adjudication.

Signed: June 20, 2014

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge